UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60178-SMITH/AUGUSTIN-BIRCH

MARIO R. MARIN,

    Plaintiff,

v.

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION FOR ORDER OF DISMISSAL**

    This cause comes before the Court on the parties' Joint Motion for Approval of Settlement and Stipulation for Order of Dismissal. DE 12. The Honorable Rodney Smith, United States District Judge, referred the Joint Motion to the undersigned Magistrate Judge. DE 8 at 2. The Court has carefully considered the Joint Motion, the parties' Joint Supplemental Brief [DE 14], and the record and is otherwise fully advised in the premises. For the following reasons, the Court recommends that the Joint Motion be granted.

    Plaintiff Mario R. Marin filed this action against Defendant Waste Pro of Florida, Inc., his former employer, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), first, by failing to pay him full overtime wages and, second, by retaliating against him by discharging him from employment after he asserted his right to overtime wages. DE 5. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $8,000, and his counsel will receive $7,000 for fees and costs. DE 12-1 at 1–2. The Joint Supplemental Brief reveals that, of the total $15,000 settlement amount, $10,000 is to resolve Plaintiff's FLSA claims, with $5,000 being paid to Plaintiff and $5,000 being paid to his counsel. The remaining $5,000 of the total settlement amount

is to resolve a charge of discrimination that Plaintiff was in the process of filing with the United States Equal Employment Opportunity Commission, with $3,000 being paid to Plaintiff and $2,000 being paid to his counsel.  DE 14 at 1–2, 5 & n.2.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1355.  The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

In the Joint Motion, the parties state that they disputed several material issues, such as whether Defendant miscalculated overtime compensation by deducting meal periods from hours worked, whether Defendant correctly paid Plaintiff the wages he was due, whether Plaintiff was entitled to liquidated damages, and whether Defendant discharged Plaintiff in a retaliatory manner.  DE 12 at 1, 3.  The parties engaged in settlement discussions and resolved this case after Plaintiff reviewed some of Defendant's evidence.  *Id.* at 3.  Although Plaintiff is recovering less than he claimed in his Statement of Claim, he acknowledges that he could recover nothing if the case were to proceed.  *Id.*; *see* DE 10 (Plaintiff's Statement of Claim).  Settlement avoids the costs and uncertainties of litigation.  DE 12 at 3.  Counsel believe that the settlement is a fair and reasonable compromise.  *Id.* at 4.

The Court has considered the parties' arguments and has conducted its own review of the record.  The Court notes that the parties notified the Court of their settlement approximately two and a half months after Plaintiff commenced this case, likely before meaningful discovery had begun and before any mediation, settlement conference, or motion practice.  The parties' early settlement avoided additional accumulation of fees and costs.  Both parties had the assistance of counsel in resolving this case, and the Court has no reason to believe that the settlement is a product of fraud or collusion.  The Court concludes that application of the *Leverso* factors to this case demonstrates that the parties' settlement is fair and reasonable.

The Settlement Agreement contains a general release whereby Plaintiff releases Defendant "from the FLSA claim that was asserted in the Action," "any other claims that could have been asserted by Plaintiff as a result of his employment by or termination from" Defendant, and "any claims for unpaid wages under the FLSA or other damages during the time period at issue in the Action accruing at any time prior to the execution of th[e] Settlement Agreement."  DE 12-1 at 2.  A general release seeks to release claims not asserted in the pleadings.  *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010).  Some courts decline to approve FLSA settlement agreements that contain general releases.  *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.").  A court may approve a general release if the plaintiff is given additional consideration for the release beyond what the plaintiff is entitled to under the FLSA.  *Vega*, 2021 WL 8946186, at *2.

The Court required the parties to provide briefing on the fairness and reasonableness of the general release.  DE 13 at 2.  In the Joint Supplemental Brief, the parties identify a potential charge of discrimination as the only known or suspected claim that the general release is intended to

3

release other than the claims pled in the Amended Complaint. DE 14 at 1–2. Plaintiff is receiving additional consideration of $5,000 to release the charge of discrimination. *Id.* at 2. Based on Plaintiff's receipt of additional consideration, the Court concludes that the general release is fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $7,000 for fees and costs, consisting of $5,000 to litigate Plaintiff's FLSA claims and $2,000 to litigate his charge of discrimination. DE 12-1 at 2; DE 14 at 5 & n.2. The parties state that they negotiated counsel's payment separate and apart from Plaintiff's recovery and that counsel's payment did not adversely affect Plaintiff's recovery. DE 12 at 4; DE 14 at 4–6. The parties further state that they calculated the amount of counsel's payment based on the number of hours counsel spent working on the case. DE 14 at 4.

Plaintiff's counsel attached billing records to the Joint Supplemental Brief. DE 14-1. The billing records reflect costs of $505 and fees of $7,320 incurred for 18.3 hours of work at a rate of $400 per hour. *Id.* Plaintiff's counsel states that he has 18 years of experience litigating employment-related matters. DE 14 at 5. Courts in the Southern District of Florida have approved $400 as a reasonable hourly rate for Plaintiff's counsel. *E.g., Ferrer v. TK Promotions, Inc.*, No. 1:21-CV-20929, 2023 WL 4295319, at *4 (S.D. Fla. June 29, 2023) ("[T]he undersigned finds that . . . $400.00 per hour is a reasonable rate for Mr. Palma."); *Moreira v. Fast 6 of Am. Nationwide Servs. Inc.*, No. 22-cv-21578, 2022 WL 17583732, at *1 (S.D. Fla. Sept. 28, 2022) ("I find that Plaintiff's counsel's $400.00 per hour billing rate is reasonable under the circumstances."), *report and recommendation adopted*, 2022 WL 17583734 (S.D. Fla. Oct. 12, 2022). The Court likewise

4

finds the $400 hourly rate reasonable and finds the number of hours billed to be in keeping with the juncture at which the case settled. The Court concludes that the $7,000 payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include standard provisions such as an acknowledgement of having read the Settlement Agreement, a statement of joint authorship, a choice-of-law provision, and a severability clause. *See* DE 12-1 at 2–3. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the parties' Joint Motion for Approval of Settlement and Stipulation for Order of Dismissal [DE 12] be **GRANTED** and that the Settlement Agreement [DE 12-1] be **APPROVED**. The Court further recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 21st day of May, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE